2017 ND 166

IN the INTEREST OF M.M.C., I.R.C., W.A.C., W.L.C., children

Marlene Sorum, L.S.W., Petitioner and Appellee

v.

M.M.C., I.R.C., W.A.C., W.L.C., children, J.C., father, Lisa Borseth, Guardian ad Litem, Christopher Jones, Director of ND Department of Human Services, Respondents

and

M.M., Mother, Respondent and Appellant

and

In the Interest of M.M.C., I.R.C., W.A.C., W.L.C., children

Marlene Sorum, L.S.W., Petitioner and Appellee

v.

M.M.C., I.R.C., W.A.C., W.L.C., children, M.M., mother, Lisa Borseth, Guardian ad Litem, Christopher Jones, Director of ND Department of Human Services, Respondents

and

J.C., father, Respondent and Appellant

Nos. 20170208, 20170209, 20170210, 20170211
Nos. 20170217, 20170218, 20170219, 20170220

Supreme Court of North Dakota.

Filed 7/12/2017

Anna K. Wischer, Assistant State's Attorney, Fargo, ND, for petitioner and appellee.

Jay R. Greenwood (on brief), Fargo, ND, for respondent and appellant, M.M., mother.

Patrick J. Sinner (argued) and Gene W. Doeling (on brief), Fargo, ND, for respondent and appellant, J.C., father.

Per Curiam.

[¶ 1] J.C., the father, and M.M., the mother, appeal separately from a district judge's order affirming the referee's findings of fact and order terminating their parental rights, and adopting the referee's order.

[¶ 2] J.C. argues the juvenile court erred in determining clear and convincing evidence supports a finding that (1) deprivation was likely to continue, (2) the children would likely suffer harm absent a termination of parental rights, and (3) reasonable efforts were made to prevent the continued placement of the children outside of the parental home. M.M. argues the juvenile court erred in finding clear and convincing evidence supports a finding that (1) deprivation was likely to continue, (2) the

children would likely suffer harm absent a termination of parental rights, and (3) reasonable efforts were made to prevent removal of the children and to reunify the family once the children were removed. M.M. also argues the district court erred in finding the parents subjected the children to "aggravated circumstances" under N.D.C.C. § 27–20–02(3).

[¶ 3] The juvenile court found termination of the parental rights in this case is supported on three separate and independent grounds, each of which is sufficient to terminate parental rights. *See* N.D.C.C. § 27–20–44(1). We conclude the juvenile court's findings are not clearly erroneous and summarily affirm under N.D.R.App.P. 35.1(a)(2) and N.D.C.C. §§ 27–20–44(1)(c)(1) and (2).

[¶ 4] Gerald W. VandeWalle, C.J.

Daniel J. Crothers

Carol Ronning Kapsner

Lisa Fair McEvers

Jerod E. Tufte